SHUDER *v.* NEWBY.

(*Nashville.*    January 19th, 1887.)

PAROL SALE OF LAND.   *Disaffirmance by vendee.    Recovery of purchase-price paid.    Want of consideration.*

There is no valid consideration to support a contract, by which a vendee, upon disaffirmance of his parol purchase of land, agrees, in consideration of being released from such purchase, to surrender to his vendor certain property which had been paid on the purchase-price; and the vendee may, notwithstanding such surrender, recover the property or its value.

FROM WARREN.

Appeal in error from Circuit Court of Warren County.   J. J. WILLIAMS, J.

SMALLMAN & WHITSON for Shuder.

MURRAY & SPURLOCK for Newby.

LURTON, J.   The plaintiff entered into a parol agreement for the purchase of land from the defendant, and paid him as part payment two horses and a set of harness, and was to execute notes for remainder of purchase-money upon execution and delivery of title bond.   Before taking possession plaintiff disaffirmed the purchase and refused

to receive bond for title or execute notes for remainder of purchase-money. This action is brought to recover the property delivered as part payment, or the value thereof. The defense is that plaintiff, at the time of his disaffirmance of the parol agreement, gave to the defendant the property sued on in consideration of his being released from his agreement to buy the land. The Circuit Judge charged the jury, among other things not excepted to, that such an agreement to give or surrender the purchase-price already paid, in consideration of being released from his contract, was a valid and sufficient agreement to give to the defendant a good title to the property sued for. We think this was error. Whether the parol agreement to purchase land be regarded as absolutely void, or only voidable, cannot matter. When the plaintiff elected to disaffirm the contract of sale, it at once became void, and there was no consideration to support his agreement to surrender his property in consideration of being released. The parol agreement never could have been enforced against his consent. He was under no legal obligation, and no suit could have been maintained to compel him to perform his contract, and no defense could have been made to his suit to recover his property paid on his parol agreement of purchase. No liability can be created by a subsequent promise to pay, where no legal obligation ever existed previously, unless supported by a new consideration. *Bates* v. *Watson*, 1 Sneed, 376.

Shuder *v.* Newby.

A subsequent agreement to pay will revive a precedent good consideration, but it can give no original right of action if the obligation on which it is founded never could have been enforced at law. 1 Addison on Contracts, Sections 13, 6.

A mere moral consideration is not a good consideration. To adopt the suggestion of Mr. Addison: "It is better to let such naked engagements rest upon the mere integrity and good faith of the parties than to subject them to the compulsory authority of law."

The report of the Commission of Referees, recommending an affirmance, will be set aside, and the judgment of the Circuit Court reversed. The case will be remanded for a new trial.